Matthias, J.
The basic question raised by this appeal is whether a municipal corporation can be held liable for an alleged nuisance created by the municipal corporation in the maintenance of a santiary land fill used for the disposition of garbage and rubbish.
*362 It is no longer open to question in Ohio that a municipal corporation acts in a governmental capacity in the collection of garbage. This court in Broughton v. City of Cleveland, 167 Ohio St., 29, 146 N. E. (2d), 301, held in the syllabus:
“A municipal corporation, when engaged in the health-preserving service of collecting garbage for its inhabitants, is in the exercise of the police power and is performing a governmental function, and one who is injured by the negligence of a municipal employee while he is in the process of loading a stationary garbage truck on private property may not successfully maintain an action for damages against the municipality.”
Clearly, therefore, since the collection of garbage is a governmental function, the necessary adjunct thereto, the disposition of such garbage, is also a governmental function.
Plaintiffs urge that the governmental nature of this operation is lost, and that it has become a proprietary operation because the defendant for a fee allows other municipalities and some private individuals to use such land fill.
However, the primary use of this land fill is for the disposition of the garbage and refuse of the inhabitants of the defendant, and the incidental use of such fill by other municipalities and private individuals for a fee does not change the governmental nature of this operation to one of a proprietary nature.
Plaintiffs urge further that, irrespective of whether the disposal of garbage is a governmental or proprietary function, if the municipality creates a nuisance it is liable, or, in other words, that the doctrine of sovereign immunity does not apply to the creation of a nuisance by a municipality.
Irrespective of what the rule is in other jurisdictions, that is not the rule in Ohio. The liability of a municipality for nuisance in Ohio is defined in Section 723.01, Revised Code, as follows:
“Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the munic *363 ipal corporation, and shall canse them to be kept open, in repair, and free from nuisance.”
The General Assembly by the enactment of Section 723.01, Revised Code, has set forth those instances in which a municipality may become liable for nuisance when performing a governmental function and, under the doctrine of expressio unius est exclusio alterius, has thereby excluded liability for nuisance not encompassed by such statute.
Therefore, a municipality’s liability for the creation or maintenance of a nuisance exists only in those cases provided for in Section 723.01, Revised Code.
For an injured person to recover under the provisions of this statute, he must necessarily establish facts which bring him within its operation.
One of the principal requisites of establishing liability under this statute is set forth in Crisafi v. City of Cleveland, 169 Ohio St., 137, 158 N. E. (2d), 379.
In that case we were concerned with damages to nearby properties caused by blasting in a public park. The court, in holding that no liability was imposed on the city by such blasting, said in the second paragraph of the syllabus:
“Liability under the general rule of conduct imposed upon a municipality by Section 723.01, Revised Code, with respect to its duty to keep its public grounds free from nuisance, is limited to persons entitled to use and using such public grounds for the purposes for which they were created.”
Thus, actual use of the grounds, upon which an alleged nuisance occurs, by a party claiming injury as a result of such nuisance is a necessary prerequisite to establish liability under this section.
There is no contention in the instant case that plaintiffs were in any way actually using this land fill. , Plaintiffs occupied adjoining property and any damages they suffered were by way of odor, etc. Therefore, it is clear that, under our decision in the Crisafi ease, since plaintiffs were not in actual use of such premises they have no right to recover for damages on the basis of nuisance.
In other words, a municipality is not liable to owners of adjacent lands for an alleged nuisance arising from the operation *364 by such municipality of a sanitary land fill for the disposal of garbage and refuse.
By concluding that a municipality’s liability for nuisance exists only in those instances provided for under the provisions of Section 723.01, Revised Code, and that plaintiffs cannot recover under such section because they were not in actual use of the premises on which such alleged nuisance occurred, it is unnecessary for us to decide whether such land fill is public grounds within the meaning of Section 723.01, Revised Code.
It is also unnecessary, in view of our decision herein, to consider the other errors assigned by defendant.
Because no liability is imposed on the defendant for the operation of this land fill, the judgment of the Court of Appeals must be reversed and final judgment rendered for the defendant.

Judgment reversed.

Zimmerman, Taet, Bell and Herbert, JJ., concur.
Weygandt, C. J., dissents.
O’Neill, J., not participating.